UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| RISHARD L.A.EDWARDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17CV2782 NCC |
| | ) | |
| ST. LOUIS METRO POLICE DEPT., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on the motion of plaintiff, Rishard L.A. Edwards, (registration no. 145280), an inmate at St. Louis City Justice Center, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.00.[1] *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court will stay and administratively close this action pursuant to the Supreme Court case of *Wallace v. Kato*, 549 U.S. 384 (2007), based on the pendency of an underlying criminal case against plaintiff that arises out of the same facts.

---

[1] Plaintiff has not submitted a prison account statement. As a result, the Court will require plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances."). If plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his prison account statement in support of his claim.
.

1

**Background**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 asserting violations of his Fifth and Fourth Amendment rights. Prior to this case being filed, a related underlying criminal case was filed against plaintiff in Missouri State Court. *See State v. Edwards*, No. 1722-CR01458 (22nd Judicial Circuit, St. Louis City Court). In plaintiff's criminal case, he has been charged with robbery in the first degree, assault in the first degree and armed criminal action. The matter is currently scheduled for a jury trial on January 16, 2018.

In the current action, plaintiff asserts that during he was arrested detained pursuant to a warrant on January 14, 2017. He states that he was taken into custody at the St. Louis Metropolitan Police Department at that time. He alleges that "Detective Patrick Cobb" came to talk to [him] about pending charges that he already had booking sheets for, which were assault 1st, robbery 1st, and an ACA." Plaintiff contends defendant Cobb failed to inform him of his *Miranda* Rights before booking him on the charges, which plaintiff believes was a violation of his constitutional rights. Plaintiff asserts that he has been incarcerated on an $85,000 bond for ten (10) months in "violation of his constitutional rights." He asserts that because defendant Cobb violated his rights pursuant to *Miranda v. Arizona*, 384 U.S. 436 (1966), his arrest was faulty and he has thereby been falsely imprisoned in violation of the Fourth Amendment. Plaintiff believes this is "cruel and unusual" and he seeks monetary compensation as relief in this action.

**The Complaint**

In this case, plaintiff asserts claims for violation of his *Miranda* rights[2], as well as claims for false arrest and false imprisonment. In *Wallace v. Kato,* the United States Supreme Court

---

[2]Simple failure to read *Miranda* warnings to an arrestee does not necessarily violate the arrestee's

2

held that "the statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant is detained pursuant to legal process." *Wallace*, 549 U.S. at 397. The Court observed that "[f]alse arrest and false imprisonment overlap; the former is a species of the latter." *Id.* at 388. The Court instructed that where "a plaintiff files a false arrest claim before he has been convicted . . . it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Id.* at 393-94. Otherwise, the court and the parties are left to "speculate about whether a prosecution will be brought, whether it will result in conviction, and whether the impending civil action will impugn that verdict, all this at a time when it can hardly be known what evidence the prosecution has in its possession." *Id.* at 393 (internal citation omitted).

In this case, plaintiff asserts claims for violations of the Fourth Amendment, claiming he was falsely arrested and subjected to false imprisonment. The principles of *Wallace v. Kato* dictate that further consideration of plaintiff's § 1983 claims should be stayed until the underlying criminal matter currently pending against plaintiff has been resolved through criminal appeals, as well as through post-conviction processes.

Additionally, a stay or abstention until resolution of the criminal matter would be appropriate because a prisoner may not recover damages in a § 1983 suit where the judgment would necessarily imply the invalidity of his conviction, continued imprisonment or sentence unless the conviction or sentence is reversed, expunged or called into question by issuance of a

---

rights and "cannot be grounds for a § 1983 action." *Chavez v. Martinez,* 538 U.S. 760, 772 (2003). If plaintiff believes he has grounds for a Fifth Amendment violation, he must bring his claims within his criminal prosecution in state court.

writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995); *Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (applying rule in § 1983 suit seeking declaratory relief).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff must pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.[3]

**IT IS FURTHER ORDERED** that all proceedings in this case are **STAYED** pending final disposition of the appellate proceedings and post-conviction proceedings against plaintiff relating to his criminal case of *See State v. Edwards*, No. 1722-CR01458 (22nd Judicial Circuit, St. Louis City Court).

**IT IS FURTHER ORDERED** that plaintiff shall notify the Court in writing concerning the final disposition of the criminal charges pending against him in *See State v. Edwards*, No. 1722-CR01458 (22nd Judicial Circuit, St. Louis City Court).

**IT IS FURTHER ORDERED** that this case is **ADMINISTRATIVELY CLOSED** pending final disposition of the appellate proceedings and post-conviction proceedings related to

---

[3] After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner will deduct the payments and forward them to the Court each time the amount in the account exceeds $10. 28 U.S.C. § 1915(b)(2).

the criminal charges pending against plaintiff in *See State v. Edwards*, No. 1722-CR01458 (22nd Judicial Circuit, St. Louis City Court). This case may be reopened by plaintiff's filing of a motion to reopen the case after such final disposition.

Dated this 30th day of November, 2017.

                                                       HENRY EDWARD AUTREY
                                          UNITED STATES DISTRICT JUDGE